WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Richard Patton, | No. CV-19-00209-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Ann Ash, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Subpoena Requests Pursuant to Rule 45 (Doc. 38), Plaintiff's Motion for Extension of Time for Preliminary Expert Opinion Testimony (Doc. 39), and Plaintiff's Motion Requesting Defendants to Produce Documents (Doc. 41). Also pending before the Court is Defendants' Motion for Extension of Time. (Doc. 46.) Plaintiff, who is incarcerated and proceeding pro se, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutionally inadequate medical care. (Doc. 22.) A Scheduling Order issued on February 19, 2020 (Doc. 32) and was amended on May 20, 2020 (Doc. 37).

**I.    Motion for Subpoena Requests Pursuant to Rule 45 (Doc. 38)**

In his first Motion, Plaintiff requests permission pursuant to Fed. R. Civ. P. 45 to issue subpoenas to three non-parties. (Doc. 39.) Plaintiff's Motion includes the name and

address of each proposed non-party and states with particularity his need for the requested documents, which are his medical records and reports. (*Id.*) Plaintiff has attached copies of the lodged proposed subpoenas to his Motion. (*Id.*)

General Order 18-19 sets forth the procedural requirements for pro se litigants who wish to serve subpoenas. Pro se litigants must (1) file a motion "in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents." Gen. Ord. 18-19. Requests for subpoenas that do not comply with these requirements will be denied. *See Withers v. Beecken Petty O'Keefe & Co.*, No. CV1703391PHXDWLJZB, 2019 WL 1153440, at *2 (D. Ariz. Mar. 13, 2019).

Plaintiff's Motion and attached subpoenas meet these requirements. Therefore, the Court will grant the motion and direct service of the subpoenas.

**II.    Motion for Extension of Time for Preliminary Expert Opinion Testimony (Doc. 39)**

Plaintiff's second Motion requests that the Court extend the time for compliance with "the preliminary expert opinion testimony or certification" pursuant to Arizona Revised Statutes §§ 12-2602 and 12-2603. (Doc. 39.) Plaintiff states that he needs "additional time to develop the factual record through discovery" and that "any determination" of the need for expert testimony would be "premature at this point." (*Id.*)

Plaintiff does not request a specific length of extension or identify the deadline for which he is requesting an extension. However, the Court surmises that Plaintiff is requesting an extension of the expert witness disclosure deadline, which is set for September 4, 2020. (Doc. 37 at 4.) Plaintiff has not shown good cause to extend that deadline at this time. Additionally, discovery matters in this case are governed by the Federal Rules of Civil Procedure and not by Arizona state law. Plaintiff's citations to Arizona state statutes in this context are misplaced. Because Plaintiff has not shown good

cause to extend the expert witness disclosure deadline at this time, the Court will deny the motion without prejudice.

### III. Motion Requesting Defendants to Produce Documents (Doc. 41)

Plaintiff's third Motion requests that Defendants provide specific, enumerated documents to Plaintiff in the course of discovery. (Doc. 41.) Discovery requests should be served on the opposing party rather than filed with the Clerk. If a dispute concerning discovery requests arises, the Court's Scheduling Order provides that "the parties shall not file written discovery motions without leave of Court." (Doc. 32 at 2.) Instead, in the event of a discovery dispute, the parties must attempt to resolve the dispute among themselves before engaging the Court. (*Id.* at 2-3.) Plaintiff's Motion does not indicate the existence of a dispute, nor does it show that Plaintiff attempted to resolve any dispute through personal consultation with the opposing party prior to engaging the Court; furthermore, Plaintiff has not sought leave to file a discovery-dispute motion. Therefore, Plaintiff's Motion will be denied. The Court notes that Defendants' Motion for Extension of Time indicates Defendants have interpreted Plaintiff's Motion as a proper request for production of documents, but Plaintiff is advised to review the Scheduling Order and the Federal Rules of Civil Procedure to ascertain the rules governing discovery procedures.

### IV. Motion for Extension of Time (Doc. 46)

Defendants request a three-week extension of time in which to respond to Plaintiff's requests for production of documents. (Doc. 46.) To the extent Defendants are seeking an extension of the deadline to file a response to Plaintiff's Motion (Doc. 41), the denial of Plaintiff's Motion renders Defendants' Motion moot. However, to the extent Defendants are interpreting Plaintiff's Motion as a request for production of documents and are seeking an extension of time to respond to that discovery request, Defendants' Motion will be granted.

. . . .

. . . .

. . . .

**IT IS ORDERED**:

(1) Plaintiff's Motion for Subpoena Requests (Doc. 38) is **granted**. The Clerk of Court shall forward the three subpoenas submitted by Plaintiff (Docs. 38-1, 38-2, 38-3), to the United States Marshal, and the United States Marshal shall serve the subpoenas.

(2) Plaintiff's Motion for Extension of Time for Preliminary Expert Opinion Testimony (Doc. 39) is **denied without prejudice**.

(3) Plaintiff's Motion Requesting Defendants to Produce Documents (Doc. 41) is **denied**.

(4) Defendants' Motion for Extension of Time (Doc. 46) is **denied as moot** to the extent it seeks an extension of time to file a response to Plaintiff's Motion but **granted** to the extent it seeks an extension of time to respond to Plaintiff's requests for production of documents.

Dated this 29th day of June, 2020.

Honorable Rosemary Márquez
United States District Judge