**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Richard Patton, | No. CV-19-00209-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Ann Ash, et al., | |
| Defendants. | |

    Pending before the Court is Plaintiff's Motion for Leave to Amend First Amended Complaint ("FAC") (Doc. 53) and lodged proposed Second Amended Complaint ("SAC") (Doc. 53 54). Defendants responded to the Motion but do not oppose the request for leave to amend. (Doc. 59.) Leave to amend will be granted and Defendants will be required to answer the SAC.

    **I.**    **Second Amended Complaint**

    Plaintiff seeks to amend Paragraph 17 of his FAC, which recounts events during medical visits on January 9, 10, and 11, 2018. (Doc. 54 at 9-10, 13.) The FAC alleges that while Plaintiff was receiving treatment for his foot on January 9, 2018, another inmate, "Green," loudly commented that the foot appeared to be infected. (*Id*.) The FAC further alleges that on January 10, 2018, Plaintiff received a shot in his foot from Defendant Estrada that was very painful and did not alleviate his pain. (*Id*.) The FAC further alleges

that on January 11, 2018, Plaintiff again received treatment and then went into Defendant Cox's office, where he told her that his foot was in a lot of pain and that he was taking Ibuprofen frequently. (*Id.*) Defendant Cox then told Plaintiff that he was taking "gabapentin" and "endomethiein" for his "CMT"[1] and that he should not take Ibuprofen because of a potentially fatal drug interaction, but she did not order anything else for pain. (*Id.*) The FAC states that that was "the end of the conversation" and that Cox "didn't want to see [Plaintiff's] foot or anything else." (*Id.*)

The proposed SAC slightly amends the factual allegations in paragraph 17. (Doc. 54 at 13.) The SAC alleges that on January 9, 2018, Plaintiff received treatment from Nurse Avilez (not a named Defendant), who "had done a much better job treating" Plaintiff than Nurse Estrada. (*Id.*) The SAC alleges that while Estrada would simply have Plaintiff soak his foot and change his own bandage, Nurse Avilez would clean it, pat it dry, apply antibiotic cream, and wrap it with gauze "with competency and compassion." (*Id.*) The SAC states that inmate Green loudly commented on the infected appearance of Plaintiff's foot on both January 9 and January 11, 2018. (*Id.*) The SAC alleges that on January 10, 2018, Defendant Estrada gave Plaintiff a shot after his foot soak that "hurt immensely." (*Id.*) Plaintiff did not allow Estrada to administer the second shot and states that the shot "did absolutely nothing" for his pain. (*Id.*) The SAC further alleges that on January 11, 2018, after inmate Green "caused another scene in the waiting room" by yelling about the appearance of Plaintiff's foot, Plaintiff again received treatment, specifically a foot soak, from Defendant Estrada. (*Id.*) Plaintiff then followed Defendant Estrada into Defendant Cox's office, where Defendant Cox typed on her computer and Plaintiff could not see what she was typing. (*Id.*) The SAC alleges that Plaintiff told Defendant Cox that his foot was in a lot of pain and that he was taking Ibuprofen frequently, and that Cox told him that he should not take Ibuprofen because it could cause a fatal drug interaction with the "gabapentin" and "endomethicin" which he was already

---

[1] Plaintiff is diagnosed with Charcot-Marie-Tooth disease. (Doc. 22 at 4.)

taking. (*Id.*) The SAC further alleges that Defendant Cox did not order or give Plaintiff anything else for his pain and that that was the end of the conversation. (*Id.*)

## II.     Leave to Amend

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of court, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Factors relevant in determining whether leave to amend should be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of the allowance of the amendment, [and] futility of amendment." *See Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1152 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

The Court finds that Plaintiff should be granted leave to amend. There is no evidence in the record of undue delay, bad faith on the part of Plaintiff, or repeated failure to cure deficiencies in the Complaint. Defendants have not alleged prejudice as a result of the proposed amendment, and the Court does not find any. The proposed changes are minor and, although Defendants Cox and Marshall have filed a Motion for Summary Judgment (Doc. 42), that Motion has yet to be fully briefed and ruled upon.[2] Furthermore, the pending Motion for Summary Judgment does not address the merits of Plaintiff's claims but argues only that Defendants Cox and Marshall are entitled to absolute immunity as a result of their status as commissioned officers of the Public Health Service. (*See id.*) In response to the Motion to Amend, Defendants state that they do not oppose the amendment on procedural grounds but request that the pending Motion for Summary Judgment apply to the SAC. (Doc. 59.) In the interest of judicial economy, the Court will grant that request, as the pending Motion for Summary Judgment is

---

[2] All Defendants have until February 17, 2021 to file dispositive motions addressing the merits of Plaintiff's claims. (Doc. 52.)

equally applicable to the SAC. Accordingly, the Court will grant leave for Plaintiff to file the SAC and will construe the pending Motion for Summary Judgment as applying to the SAC.

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Liberally construed, Plaintiff has stated a *Bivens* claim against Defendants Ash, Bowles, Estrada, Cox, and Marshall in Count One, as set forth in the Court's previous Screening Order. (Doc. 21 at 9-10.) Plaintiff has also stated a Federal Tort Claims Act claim against the United States in Count Two, as set forth in the Court's previous Screening Order. (*Id*. at 11.) Defendants shall be required to answer the SAC for the same reasons set forth in the previous Screening Order.

Accordingly,

**IT IS ORDERED THAT:**

(1) Plaintiff's Motion for Leave to Amend First Amended Complaint (Doc. 53) is **granted**. The Clerk of Court is directed to file the proposed Second Amended Complaint (lodged at Doc. 54) as the Second Amended Complaint.

(2) Defendants Ash, Estrada, Bowles, Cox, Marshall, and United States of America must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(3) Defendants Cox and Marshall's Motion for Summary Judgment (Doc. 42) is effective as to the Second Amended Complaint and will be resolved by separate Order.

Dated this 26th day of August, 2020.

Honorable Rosemary Márquez
United States District Judge